UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN WILSON, an individual, | CASE NO. 12-5436 RJB |
| Plaintiff, | ORDER ON STIPULATED PROTECTIVE ORDER |
| v. | |
| APARTMENT MANAGEMENT CONSULTANTS, LLC, a Utah corporation; and AMBER ANDERSON, an individual, | |
| Defendants. | |

On August 9, 2012, the court received a proposed Stipulated Protective Order, which the court has considered to be a joint motion for a protective order.  Dkt. 9.

**1. Proposed Protective Order.** The parties request that "Confidential Information"  be subject to the protective order.  Dkt. 9.  "Confidential Information," is defined as information a party produces "in this litigation that such party in good faith believes is not generally known and contains, reflects or concerns confidential medical, personnel, and business records and information which, if disclosed to persons other than as permitted by this Order, would likely

cause the party injury, prejudice or embarrassment."  Dkt. 9,  at  2.  The parties have also set forth in detail the procedure for disclosure and disposition of information covered by the protective order (Dkt. 9, at 2-3).  In addition, the proposed protective order provides that "[a] party may designate any information" as "Confidential Information" by stamping the word "CONFIDENTIAL" thereon.  Dkt. 9, at 2.

**2.  Legal Standard.  Fed.R.Civ.P. 26(c) provides as follows:**

**(c) Protective Orders.**

**(1) In General**. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;
**(B)** specifying terms, including time and place, for the disclosure or discovery;
**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
**(E)** designating the persons who may be present while the discovery is conducted;
**(F)** requiring that a deposition be sealed and opened only on court order;
**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2) Ordering Discovery**. If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3) Awarding Expenses**. Rule 37(a)(5) applies to the award of expenses.

1   **3. Court Involvement in Discovery.** Federal Rules of Civil Procedure 26 through 36

2   are designed to guide the parties through the discovery process. The parties should enlist the

3   court to assist them only when necessary. The court may issue protective orders if the parties

4   show good cause. However, a protective order should not be used to involve the court in the

5   discovery process, except under narrow circumstances. A protective order should not be used to

6   rubber stamp a procedure that the parties have developed for disclosing documents and disposing

7   of those documents; parties should be able to agree among themselves on the procedures they

8   will follow during discovery. The proposed protective order, purporting to be an order

9   governing how discovery is to proceed with regard to sensitive information, is overbroad,

10   unnecessary and inappropriate.

11   **4. Documents to be Protected**. It is also inappropriate for the court to "protect" broad

12   classes of documents, without compelling justification. There are instances when a document, or

13   a narrow class of documents, may warrant an order of the court to protect those documents from

14   further disclosure. However, a request to protect any such documents must clearly identify the

15   document or class of documents, and set forth the reason that the court's intervention is

16   necessary to protect those documents from further disclosure. The proposed protective order

17   identifies broad classes of documents, not specific documents or narrow classes of documents;

18   and, further, does not provide justification for their protection.

19   **5. Filing Documents with the Court**. It is unnecessary for the court to issue a

20   protective order governing filing of documents with the court. Counsel may pursue appropriate

21   / /

22    /

23

24

ORDER ON STIPULATED PROTECTIVE
ORDER- 3

1  remedies with regard to sensitive information filed with the court, including sealing under Local

2  Rule CR5(g); filing motions in limine; and employing motions or objections at trial.

3      **6. Amendment of the Protective Order.**  The proposed protective order is also

4  deficient because it provides that the order may be amended by agreement of the parties.  Any

5  amendment to a protective order entered by the court must be approved and signed by the court.

6  Further, any protective order issued by the court must contain a provision that the court may

7  change the terms of the protective order either on motion of the parties or sua sponte after notice

8  to the parties and an opportunity to be heard.

9      **7. Continuing Jurisdiction.**  The parties should be aware that, once a case is concluded,

10  this court ordinarily chooses not to retain jurisdiction over a collateral matter such as a protective

11  order.

12      **8. Agreement by Parties**.  As reflected above, the parties are free to agree on discovery

13  matters and confidentiality.  When the court is involved, however, the necessary showing under

14  the rules must be made.

15      Because the proposed Stipulated Protective Order does not meet the requirements for

16  issuing a protective order, the court should deny the parties' joint motion for a protective order.

17      Therefore, it is hereby

18      **ORDERED** that the parties' joint motion for a protective order (Dkt. 9) is **DENIED**.

19  The Stipulated Protective Order (Dkt. 9) will remain in the court file, but will not be signed by

20  the court.

21  / /

22  /

23

24

ORDER ON STIPULATED PROTECTIVE
ORDER- 4

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2 to any party appearing *pro se* at said party's last known address.

3    Dated this 20th day of August, 2012.

4

5

6    ROBERT J. BRYAN
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON STIPULATED PROTECTIVE
ORDER- 5